UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                             Case No. 07-C-491

APPROXIMATELY $2,758.00 IN
UNITED STATES CURRENCY,
        Defendant,

JAMES A. PENHALLEGON,
        Claimant.

---

## ORDER

On May 29, 2007, the United States of America filed a verified complaint for civil forfeiture in rem against the defendant property. Following James A. Penhallegon's ("Penhallegon") failure to respond to notice of this action, the United States moved for the entry of default judgment, which the Clerk entered on July 23, 2007. On July 30, 2007, Penhallegon filed a brief in opposition to the United States' motion for default, which this court subsequently construed as a claim to the defendant property. Thus, the court ordered Penhallegon to respond to the complaint, which he did on September 27, 2007.

Currently pending as motions before this court are Docket Numbers, 10, "Motion for Default Judgment as to Defendant Property," 22, "Motion to Compel Answers to Interrogatories and Request for Production of Documents," and 30, "Motion for Relief." Also pending is a request from the plaintiff seeking to extend the time for dispositive motions for 30-60 days to allow time for the resolution of the related state court criminal proceeding. (Docket No. 35.) Further, Penhallegon has filed two "Request[s]," (Docket Nos. 29, 33), which relate to discovery matters.

In light of Penhallegon's claim to the defendant property, the United States' motion for default judgment, (Docket No. 10), is **denied** and the court orders **vacated** the clerk's entry of default.

The plaintiff's "Motion to Compel Answers to Interrogatories and Request for Production of Documents," (Docket No. 22), appears to have been mooted by Penhallegon's subsequent submission of answers to the plaintiff's interrogatories, (Docket No. 27; see also Docket No. 26). Therefore, the plaintiff's motion, (Docket No. 22), is **denied as moot**.

Penhallegon's "Motion for Relief," (Docket No. 30), is without any legal basis, and therefore it is **denied**.

As for Penhallegon's two "Request[s]," (Docket Nos. 29, 33), these discovery related requests, although filed on the docket, are simply requests of the government that do not require any action at this time on the part of the court. Cf. Fed. R. Civ. P. 37.

Finally, based upon the reasons set forth in the plaintiff's letter, (Docket No. 35), the court finds good cause to extend the deadline for filing dispositive motions. Although Penhallegon has responded, expressing a concern over obtaining a prompt hearing in this court, resolution of the state court trial may have a bearing on the issues presented in this forfeiture action. The court thus finds that the interests of justice require that the deadline for filing dispositive motions be extended. Penhallegon's jury trial in the related state criminal matter is scheduled for March 3, 2008. Thus, the court believes that extending the deadline until March 31, 2008 provides sufficient time for the resolution of Penhallegon's state criminal charges and for the parties in this action to prepare any dispositive motions. Therefore, this court's December 28, 2007 order, (Docket No. 26), is modified; dispositive motions shall be filed no later than **March 31, 2008**.

Dated at Milwaukee, Wisconsin this 20th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge